IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| LAVONNA PLAINBULL BIRD,<br><br>Plaintiff,<br><br>vs.<br><br>NORTHERN CHEYENNE RESERVATION LAME DEER JAIL STAFF,<br><br>Defendants. | CV 20-00136-BLG-SPW-TJC<br><br><br><br>FINDINGS AND RECMENDATION OF UNITED STATESMAGISTRATE JUDGE |

On May 10, 2021, this Court entered an order directing Ms. PlainBull Bird, on or before June 10, 2021, to provide additional information regarding: the nature of her claim, the jurisdictional basis for her claim, and any additional facts that might support tolling of the applicable limitations period. See generally, (Doc. 4.) Ms. PlainBull Bird subsequently paid the filing fee and a supplement requesting compensatory damages, see e.g., (Doc. 6), but she failed to respond to the Court's order requesting additional information regarding her claims.

This Court then entered an order providing Ms. PlainBull Bird one more opportunity to provide the information sought and advised her that failure to respond would result in a recommendation that her Complaint be dismissed for failure to prosecute and/or comply with a Court order. See, (Doc. 7.) Ms. PlainBull Bird was given until July 26, 2021, to file her response. *Id*. at 2. No response was filed.

1

After the filing date had passed, Ms. PlainBull Bird filed a Notice advising the Court that she had requested a copy of her son's death certificate. See, (Doc. 8.) The Notice, however, was nonresponsive to either the Court's May 10, 2021 Order or the July 6, 2021 Order. Accordingly, the Court will recommend this matter be dismissed based upon Ms. PlainBull Bird's failure to prosecute.

## I.     Failure to Prosecute

Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute" the action. The Court may dismiss a case on its own without awaiting a motion. See, e.g., *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F. 3d 683, 689 (9th Cir. 2005).

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King,* 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir.1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions."

2

*Wanderer v. Johnson,* 910 F.2d 652, 656 (9th Cir.1990).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F. 3d 983, 990 (9th Cir. 1999). Ms. PlainBull Bird has failed to comply with the Court's order of May 10, 2021, as well the subsequent show cause order. This factor weighs in favor of dismissal.

Likewise, the second factor supports dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan v. Galaza*, 291 F. 3d 639 (9th Cir. 2002). The Court cannot manage its docket if Ms. PlainBull Bird does not comply with the Court's orders. Ms. PlainBull Bird's case has consumed judicial resources and time that could have been better spent on other matters. Therefore, this factor favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the Defendants. A rebuttable presumption of prejudice to respondents arises when a plaintiff unreasonably delays prosecution of an action. *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted in this case.

The Court has considered less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance*

*Co.*, 651 F. 2d 671, 674 (9th Cir. 1981). Although less drastic alternatives to dismissal should be considered, the Court is not required to exhaust all such alternatives prior to dismissal. *Id*. Ms. PlainBull Bird was provided with an explanation of the information the Court required on two separate occasions and was afforded an adequate amount of time within which to prepare her responses. Ms. PlainBull Bird failed to respond to the Court's orders. At this juncture, the Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors disposition of cases on their merits. *Hernandez v. City of El Monte,* 138 F. 3d 393, 399 (9th Cir. 1998). But in light of the other four factors favoring dismissal, the weight of this factor is slight. The Court will therefore recommend that this matter be dismissed for failure to prosecute, pursuant to Fed. F. Civ. P. 41(b).

## II.     Conclusion

Given Ms. PlainBull Bird's failure to respond to this Court's orders, no further resources of the Court should be expended and the Complaint should be dismissed. Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

1. This matter should be dismissed with prejudice. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes plain that Ms. PlainBull Bird has failed to prosecute this matter and/or comply with the Court's orders.

### NOTICE OF RIGHT TO OBJECT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCESOF FAILURE TO OBJECT

Ms. PlainBull Bird may file objections to these Findings and Recommendations within fourteen (14) days after service. 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 14th day of October, 2021.

                 */s/ Timothy J. Cavan*
                 Timothy J. Cavan
                 United States Magistrate Judge